IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 2 4 2021
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| TRAE SHORT, § | |
| § | |
| Movant, § | |
| § | |
| VS. § | NO. 4:21-CV-110-A |
| § | (NO. 4:16-CR-132-A) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Trae Short, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:16-CR-132-A, styled "United States v. Charles Ben Bounds, et al.," and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On August 10, 2016, movant was named along with others in a third superseding indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine,

in violation of 21 U.S.C. § 846. CR Doc.[1] 526. Movant entered a plea of not guilty. CR Doc. 587. He was tried by a jury and found guilty. CR Doc. 661.

During his opening statement at trial, movant's counsel stated:

> Members of the jury, I expect the evidence to show each and every one of you that my client is only guilty of association, and you're going to find out that mere association is not evidence of guilt.
> You're going to find that the Government, once they bring out their parade of snitches, not one of them is going to have any evidence of my client having possession of drugs. You're not going to find his fingerprints on drugs. You're not going to find him taking money for drugs. But you're going to get association.
> You're also going to find out that my client tried to help people that he had no business trying to help, and that lead [sic] him to getting to where he is today.
> Members of the jury, the only thing I'm asking you is that you wait until you've heard all of the evidence, and at the conclusion of this trial, I'm going to come back before you and ask that you find Trae Short guilty (sic) of being in this conspiracy. Thank you.

CR Doc. 1333 at 68. During trial, counsel vigorously defended movant, cross-examining witnesses, objecting to evidence, and moving for a judgment of acquittal. See, e.g., CR Doc. 1312 at 29, 41-44, 76, 138, 186, 253-55; CR Doc. 1333 at 91-92; CR Doc.

---

[1] The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-132-A.

1335 at 28-29, 54-59, 204-05, 239-40, 319; CR Doc. 1329 at 20.

During closing arguments, counsel stated:

> Members of the jury, my client, Trae Short, is not guilty of being in this conspiracy that's been tried before you.
> Trae Short is a business owner and operator. Even as the agent testified, he saw where he owned All In Accessories. He's not a drug dealer. The witnesses who testified for the government, they are not worthy of your belief. They are not credible.
> The testimony has been aided prior to their testifying and after their testifying. The prosecutor asked them, were they expecting something? Yes they are. That's why they came before you and started saying, oh, I know this person. I know that person, Leslie Holliday. She wasn't credible at all. Instead of dealing drugs, she's now dealing lives in federal court, and she's telling lies against a man she was in love with before another woman came into her life.
> Royce Newton, he never even identified my client. Mandy Turner, she said she met my client once, but she was never introduced to him and never identified him. But these witnesses they could remember Trae Short's name. They court remember his nickname, but they couldn't even identify him to you. I submit to you they are not credible, not worthy of your belief.
> All of these people are addicts looking for time cuts to be granted in exchange for their lives. Trae Short was not arrested with any drugs. There were no pictures of any drugs with Trae Short either. There is no evidence of Trae Short and drugs.
> There is no agreement that the government could prove to anyone in this courtroom that Trae Short was involved in the conspiracy. There are no pictures of Trae Short with any of the people named in this indictment. There is not surveillance of Trae Short with any of these people.
> Members of the jury, I submit to you the government has not met its burden as to Trae Short, and I ask that you find him not guilty, not because I'm asking you to, but because the evidence and the lack thereof is asking you to find him not guilty.

CR Doc. 1329 at 65-66.

The court sentenced movant to a term of imprisonment of life. CR Doc. 1199. He appealed. CR Doc. 1232. His judgment and sentence were affirmed. United States v. Gentry, 941 F.3d 767 (5th Cir. 2019). He did not file a petition for writ of certiorari.

II.

Grounds of the Motion

Movant asserts two grounds in support of his motion, both alleging ineffective assistance of counsel. In his first ground, movant says that his counsel conceded guilt to the jury without consent. Doc.[2] 1 at PageID[3] 4. In his second ground, movant says that his counsel was ineffective by having a conflict of interest. Id. at PageID 5.

III.

Applicable Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page number on the form used by movant is not the actual number of the page and because movant has attached to the form document additional unnumbered pages.

4

152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of

6

deficient performance and prejudice is not sufficient to meet the <u>Strickland</u> test. <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

The sole support for movant's first ground is that movant's counsel misspoke in making his opening argument. He inadvertently said he would ask the jury to find movant guilty instead of not guilty at the end of the trial. Movant likens counsel's error to errors made in other cases where ineffective assistance was found, but none of those cases concern the kind of simple mistake made here. Doc. 1 at PageID 15-20. In <u>United States v. Swanson</u>, 943 F.2d 1070, 1074 (9th Cir. 1991), counsel was ineffective for entirely failing to subject the prosecution's case to meaningful testing.[4] In <u>State v. Harbison</u>, 337 S.E.2d 504 (N.C. 1985), during closing argument, counsel admitted his client's guilt without his client's consent and urged that the jury find him guilty of manslaughter instead of first degree murder.

This is not a case to which the standard of <u>United States v. Cronic</u>, 466 U.S. 648 (1984), applies. <u>Cronic</u> is limited to

---

[4] Although the Fifth Circuit cited <u>Swanson</u> in <u>Haynes v. Cain</u>, 298 F.3d 375 (5th Cir. 2002)(en banc), the court determined that counsel did not abandon their client; rather, they adopted a strategy that accorded him the best opportunity for a favorable outcome.

the most serious of circumstances such as when there has been a complete denial of counsel or where counsel entirely fails to subject the prosecution's case to meaningful adversarial testing. Chanthakoummne v. Stephens, 816 F.3d 62, 73 (5th Cir. 2016)(citations and quotations omitted). Rather, the Strickland test applies here. Haynes v. Cain, 298 F.3d 375, 380-81 (5th Cir. 2002)(en banc).

The record, as recited, supra, reflects that movant's counsel vigorously contested the government's case. Movant has not come close to showing that counsel's error so seriously infected the trial that movant was denied a fair and reliable trial as a result. Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1992). His speculation is insufficient to establish a right to relief. Id. The jury was instructed to independently consider the evidence, not the statements of counsel, and presumably it did so. Weeks v. Angelone, 528 U.S. 225, 234 (2000).

In his second ground, movant urges that his counsel suffered from a conflict of interest.[5] This, too, is alleged to arise out of the misstatement during opening argument. Doc. 1 at PageID 20-22. To show a Sixth Amendment violation, movant must establish that his counsel acted under the influence of an

---

[5] As the government points out, Doc. 7 at 3, movant raised this issue while his case was on appeal and it was rejected. Doc. 8.

8

actual conflict and that such conflict adversely affected movant's representation. Mickens v. Taylor, 535 U.S. 162, 174 (2002); United States v. Culverhouse, 507 F.3d 888, 892 (5th Cir. 2007). A theoretical or speculative conflict is not enough; movant must show that counsel was required to make a choice advancing his own interests or the interests of another client to movant's detriment. United States v. Garcia-Jasso, 472 F.3d 239, 243 (5th Cir. 2006); Beets v. Collins, 986 F.2d 1478, 1486 (5th Cir. 1993). If counsel did not make a choice, the conflict remains hypothetical. Garcia-Jasso, 472 F.3d at 243.

Movant cannot and does not identify in the record any place where his counsel actually chose between alternative courses of action. See Perillo v. Johnson, 79 F.3d 441, 447-48 (5th Cir. 1996). There was not conflict. Counsel simply misspoke. Movant is not entitled to perfect counsel; he is only entitled to effective assistance, which he received. Burt v. Titlow, 571 U.S. 12, 24 (2013).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255

Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 24, 2021.

_____
JOHN McBRYDE
United States District Judge